■ MARCELINA MORALES, Respondent, v TRANSCARE NEW YORK, INC., et al., Appellants. [774 NYS2d 813]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Bernstein, J.), dated May 8, 2002, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly slipped and fell on the wet steps of a bus owned by the defendant Transcare New York, Inc., and

driven by the defendant Jaime Reyes. The defendants failed to make a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In support of their motion, the defendants submitted, inter alia, Reyes's deposition in which he testified that it was raining on the date of the accident, and that he parked the bus and left its doors open for 15-20 minutes before the plaintiff fell. Reyes also testified that he cleaned the bus on an as-needed basis, using soap and water to mop the bus and its steps. The defendants also submitted the plaintiff's deposition in which she testified that her coat became wet after its contact with the steps, and felt "soapy." The plaintiff also testified that Reyes told her that the condition of the steps was because they were cleaned. Thus, the defendants failed to meet their burden of submitting any evidence to refute the plaintiff's contention that they created the dangerous condition.

Accordingly, the Supreme Court correctly denied their motion for summary judgment dismissing the complaint regardless of the sufficiency of the plaintiff's papers (*see Alvarez v Prospect Hosp., supra*). Ritter, J.P., H. Miller, Goldstein and Mastro, JJ., concur.