■ ELEANOR PADOVANO, Plaintiff, v COSTCO WHOLESALE CORP., Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. HOOVER COMPANY, a Division of MAYTAG CORPORA-TION, Third-Party Defendant-Respondent. [813 NYS2d 780]—

In an action to recover damages for personal injuries, the defendant third-party plaintiff Costco Wholesale Corp. appeals from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated December 9, 2004, which granted the third-party defendant's renewed motion for summary judgment dismissing the third-party cause of action for contractual indemnification.

Ordered that the order is reversed, on the law, with costs, the renewed motion is denied, and the third-party cause of action for contractual indemnification is reinstated.

The plaintiff, an employee of the Hoover Company, a division of Maytag Corporation (hereinafter Hoover), sustained injuries when she allegedly tripped and fell over a metal bar protruding one-half inch above ground level from a cart corral. The cart corral was located in the parking lot of Costco Wholesale Corp. (hereinafter Costco), where the plaintiff worked as a vacuum cleaner demonstrator on behalf of Hoover. The plaintiff sued Costco, among others, to recover damages based on negligence, and Costco commenced a third-party action against Hoover for, inter alia, contractual indemnification based on a vendor agreement. Hoover moved for summary judgment dismissing the third-party complaint, and the Supreme Court denied that branch of the motion which was to dismiss the contractual indemnification cause of action. In its order, the Supreme Court construed the vendor agreement as requiring Hoover to indemnify Costco for the plaintiff's claim if the plaintiff "caused or contributed to" her injury. Hoover subsequently renewed that branch of its motion which was for summary judgment dismissing Costco's contractual indemnification cause of action on the ground that the plaintiff did not cause or contribute to her injury.

Hoover failed to establish its prima facie entitlement to summary judgment dismissing the contractual indemnification cause of action. The deposition testimony of the plaintiff presented a triable issue of fact as to whether the metal bar was readily observable by the reasonable use of one's senses and the plaintiff's alleged failure to observe it raises an issue as to her comparative negligence (*see Luksch v Blum-Rohl Fishing Corp.*, 3 AD3d 475, 477 [2004]; *Cupo v Karfunkel*, 1 AD3d 48, 53 [2003]; *Tulovic v Chase Manhattan Bank*, 309 AD2d 923, 924 [2003]). Therefore, Hoover's renewed motion for summary judgment dismissing Costco's third-party cause of action for contractual indemnification should have been denied without

regard to the sufficiency of Costco's opposition papers (*see Morales v Transcare N.Y.*, 6 AD3d 588, 589 [2004]). Crane, J.P., Krausman, Luciano and Rivera, JJ., concur.