SIENNA MORALES et al., Plaintiffs, v COUNTY OF SUFFOLK, Defendant/Third-Party Plaintiff-Appellant, and LANDTEK GROUP, INC., Defendant/Third-Party Defendant-Respondent. [919 NYS2d 373]—

The infant plaintiff allegedly was injured when a gate at a playground rebounded and struck her in the face after she pushed against it in order to gain access to the playground. The gate had been constructed and erected by Landtek Group, Inc. (hereinafter Landtek), in conformance with specifications approved by the County of Suffolk.

Following the accident, the infant plaintiff and her father commenced this action against the County. The County subsequently commenced a third-party action against Landtek; the plaintiffs thereafter also commenced an action against Landtek. The plaintiffs' actions were consolidated upon the County's unopposed cross motion.

The Supreme Court properly denied that branch of the County's cross motion which was for summary judgment on the first cause of action in the third-party complaint for contractual indemnification, because the County did not meet its burden of establishing prima facie that it was free from negligence in the happening of the infant plaintiff's accident (*see* General Obligations Law § 5-322.1; *Manicone v City of New York*, 75 AD3d 535, 537-538 [2010]; *Tarpey v Kolanu Partners, LLC*, 68 AD3d 1099, 1100-1101 [2009]; *Cava Constr. Co., Inc. v Gealtec Remodeling Corp.*, 58 AD3d 660, 662 [2009]).

The Supreme Court also properly denied that branch of the County's cross motion which was for summary judgment on the fourth cause of action in the third-party complaint which was to recover damages for breach of contract based upon Landtek's alleged failure to obtain commercial general liability insurance naming the County as an additional insured. The County did not meet its burden of establishing prima facie that Landtek failed to comply with its obligation to obtain such a policy naming the County as an additional insured (*see Aragundi v Tish-*

*man Realty & Constr. Co., Inc.*, 68 AD3d 1027, 1029 [2009]). Consequently, denial of those branches of the County's cross motion which were for summary judgment on the first and fourth causes of action in its third-party complaint was warranted without regard to the sufficiency of the papers submitted in opposition (*cf. Padovano v Costco Wholesale Corp.*, 28 AD3d 729, 730-731 [2006]). Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.