■ GEORGE H. FOWLER, Appellant, v AMERICAN LAWYER MEDIA, INC., et al., Respondents. [761 NYS2d 176] —Order, Supreme Court, New York County (Charles Ramos, J.), entered February 25, 2003, which, insofar as appealed from, granted defendants' motion to dismiss plaintiff's cause of action for breach of contract for failure to state a cause of action, unanimously affirmed, without costs.

Plaintiff alleges that he met with an employee of defendant newspaper; that the two orally agreed to run plaintiff's real estate advertisement for 25 days for $791; that "[t]he written agreement, however, was not consummated because of the verbal interruption by [the individual] defendant, who ordered [the employee] to forego reaching a written agreement with the Plaintiff"; that the individual defendant stated that it was company policy not to accept ads from persons, like plaintiff, engaged in litigation with defendant newspaper; and that as a result of this breach of contract to run plaintiff's ad, plaintiff is entitled to "real and punitive damages" of $1 million. Absent further allegations amplifying the contemplated written agreement, the complaint should be read to allege that the parties intended that their agreement not be binding until reduced to writing and signed (see Scheck v Francis, 26 NY2d 466, 469-470 [1970]). "[V]ague and conclusory allegations are insufficient to sustain a breach of contract cause of action." (Gordon v Dino De Laurentiis Corp., 141 AD2d 435, 436 [1988].) In any event, even if there were allegations sufficient to show that the employee had authority to enter into oral contracts to run real estate ads, that the parties orally agreed on all substantial contractual terms, and that the alleged oral contract is enforceable in the absence of a "positive agreement" that it was not to be binding until reduced to writing and signed (see Matter of Municipal Consultants & Publs. v Town of Ramapo, 47 NY2d 144, 149 [1979]), the complaint still fails as it lacks allegations showing any damages (see Lexington 360 Assoc. v First Union Natl. Bank, 234 AD2d 187, 189-190 [1996], citing Gordon, 141 AD2d at 436). Concur—Rosenberger, J.P., Lerner, Friedman, Marlow and Gonzalez, JJ.