■ DAVID SMITH, Appellant, v MERIDIAN TECHNOLOGIES, INC., et al., Respondents. [927 NYS2d 141]—

The plaintiff commenced this action, inter alia, to recover damages for prima facie tort and intentional interference with prospective contractual relations. This action arises from events that occurred in 2006, when the plaintiff resigned from a position as a vice-president for sales development at the defendant Meridian Technologies, Inc. (hereinafter Meridian). The plaintiff executed an employment agreement while he was employed at Meridian which provided, among other things, that during and after the period of the plaintiff's employment, he would not reveal any "Confidential Information or Trade Secrets" to any entity. The agreement also provided that, for a period of two years after the plaintiff "terminated . . . th[e] agreement," the plaintiff would not be employed at "any business, which researches, designs, develops, manufactures, sells or deals in any way with the technology of video transmission systems via fiber optic cables."

In late June 2006, the plaintiff resigned from Meridian. Several days later, he began working for another company, Multidyne, Inc. (hereinafter Multidyne). In August 2006 the managing director of Meridian, the defendant Michael C. Barry, sent a letter to the plaintiff, and also sent a copy of that letter to the president of Multidyne. That letter alleged, among other things, that the plaintiff had "exploited confidential trade secrets" of Meridian during his employment at Multidyne. Approximately one week later, counsel for Meridian sent another letter to the plaintiff; a copy of that letter was also sent to the president of Multidyne. That letter stated, inter alia, that the plaintiff's employment at Multidyne was in violation of the noncompetition provision of his employment agreement with Meridian. Shortly after the second letter was received, the plaintiff's employment at Multidyne was terminated, and this action ensued.

The Supreme Court did not err in granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for prima facie tort. The requisite elements of a cause of action sounding in prima facie tort are: "(1) the intentional infliction of harm, (2) which

results in special damages, (3) without any excuse or justification, (4) by an act or series of acts which would otherwise be lawful" (*Freihofer v Hearst Corp.*, 65 NY2d 135, 142-143 [1985]; *see Curiano v Suozzi*, 63 NY2d 113, 117-118 [1984]; *Del Vecchio v Nelson*, 300 AD2d 277, 278 [2002]; *Levy v Coates*, 286 AD2d 424 [2001]). "[T]here is no recovery in prima facie tort unless malevolence is the sole motive for defendant's otherwise lawful act," that is, "unless defendant acts from 'disinterested malevolence' " (*Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 333 [1983], quoting *American Bank & Trust Co. v Federal Reserve Bank of Atlanta*, 256 US 350, 358 [1921]). For purposes of a cause of action to recover damages for prima facie tort, " 'the genesis which will make a lawful act unlawful must be a malicious one unmixed with any other and exclusively directed to injury and damage of another' " (*Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d at 333, quoting *Beardsley v Kilmer*, 236 NY 80, 90 [1923]). Thus, " '[a] claim of prima facie tort does not lie where the defendant's action has any motive other than a desire to injure the plaintiff' " (*Weaver v Putnam Hosp. Ctr.*, 142 AD2d 641, 641-642 [1988], quoting *Global Casting Indus. v Daley-Hodkin Corp.*, 105 Misc 2d 517, 522 [1980]).

Here, the evidence showed that, in sending the subject letters, the defendants did not act solely based on disinterested malevolence, as, inter alia, the defendants alleged in those letters that the plaintiff's employment at Multidyne, a company engaged in the sale of fiberoptic video transmission equipment, violated the terms of the covenants not to compete set forth in the plaintiff's employment agreement with Meridian. In opposition to that showing, the plaintiff failed to raise a triable issue of fact as to whether the defendants' actions were solely motivated by disinterested malevolence. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for prima facie tort (*see Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d at 333-334; *Simaee v Levi*, 22 AD3d 559, 562-563 [2005]; *Lynch v Mc-Queen*, 309 AD2d 790, 792 [2003]; *see also Bainton v Baran*, 287 AD2d 317, 318 [2001]).

The Supreme Court also properly granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action to recover damages for intentional interference with prospective contractual relations. To establish a defendant's liability for damages for tortious interference with prospective contractual relations, the plaintiff must show that

the defendant engaged in wrongful conduct which interfered with a prospective contractual relationship between the plaintiff and a third party. As a general rule, such wrongful conduct must amount to a crime or an independent tort, and may consist of "physical violence, fraud or misrepresentation, civil suits and criminal prosecutions" (*Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d 183, 191 [1980]). Such wrongful conduct may include "some degrees of economic pressure;" however, "persuasion alone" is not sufficient (*id.* at 191; *see Lyons v Menoudakos & Menoudakos, P.C.*, 63 AD3d 801, 802 [2009]). Here, in light of, inter alia, the covenants not to compete set forth in the employment agreement between Meridian and the plaintiff, and the evidence showing that Meridian and Multidyne were both engaged in the sale of fiberoptic video equipment, the defendants showed, prima facie, that they did not engage in wrongful conduct for purposes of this cause of action, and the plaintiff failed to raise a triable issue of fact (*see Adler v 20/20 Cos.*, 82 AD3d 915, 918 [2011]; *BGW Dev. Corp. v Mount Kisco Lodge No. 1552 of Benevolent & Protective Order of Elks of U.S. of Am.*, 247 AD2d 565, 567-568 [1998]).

The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for breach of contract, as the defendants showed, prima facie, that they did not breach the parties' employment agreement, and the plaintiff failed to raise a triable issue of fact as to whether the defendants failed to comply with any specific obligations under that agreement (*see Morales v County of Suffolk*, 82 AD3d 1184, 1185-1186 [2011]).

The Supreme Court did not err in granting that branch of the defendants' motion which was, in effect, for summary judgment declaring that the restrictive covenants in the parties' employment agreement are enforceable. The defendants showed, prima facie, that those clauses were enforceable under the circumstances presented herein, and the plaintiff failed to raise a triable issue of fact in opposition to that showing (*see Michael G. Kessler & Assoc., Ltd. v White*, 28 AD3d 724, 725 [2006]; *see also Stiepleman Coverage Corp. v Raifman*, 258 AD2d 515, 516 [1999]).

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declarating that the restrictive covenants in the parties' employment agreement are enforceable (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Mastro, J.P., Chambers, Austin and Cohen, JJ., concur.