■ Pursuit Investment Management LLC et al., Respondents, v Alpha Beta Capital Partners, L.P., et al., Defendants, and Harris & Houghteling LLP, Appellant. [8 NYS3d 283]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered on or about September 9, 2014, which denied the motion of defendant Harris & Houghteling LLP (Harris) to dismiss the complaint as against it pursuant to CPLR 3211 (a) (7), unanimously reversed, on the law, with costs, and the mo-

tion granted. The Clerk is directed to enter judgment dismissing the complaint as against Harris.

Dismissal of the complaint as against Harris is warranted since plaintiffs failed to state a viable claim for tortious interference with contract, as plaintiffs did not allege that Harris's conduct was the "but for" causation of their purported damages (*see Wilmington Trust Co. v Burger King Corp.*, 34 AD3d 401, 402-403 [1st Dept 2006], *lv denied* 8 NY3d 806 [2007]; *Cantor Fitzgerald Assoc. v Tradition N. Am.*, 299 AD2d 204 [1st Dept 2002], *lv denied* 99 NY2d 508 [2003]).

Dismissal of the action as against Harris, a law firm, is also warranted because it is immune from liability "under the shield afforded attorneys in advising their clients, even when such advice is erroneous, in the absence of fraud, collusion, malice or bad faith" (*Purvi Enters., LLC v City of New York*, 62 AD3d 508, 509-510 [1st Dept 2009] [internal quotation marks omitted]). To the extent plaintiffs allege fraud, collusion, malice and bad faith on the part of Harris, these allegations are conclusory (*see Abrams v Pecile*, 84 AD3d 618, 619 [1st Dept 2011]). Concur—Friedman, J.P., Sweeny, Saxe, Feinman and Clark, JJ.