Landmark Ventures, Inc. v InSightec, Ltd. (2020 NY Slip Op 00249)





Landmark Ventures, Inc. v InSightec, Ltd.


2020 NY Slip Op 00249


Decided on January 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 14, 2020

Renwick, J.P., Kapnick, Mazzarelli, Webber, JJ.


653761/16 10782A 10782

[*1] Landmark Ventures, Inc., et al., Plaintiffs-Appellants,
v
InSightec, Ltd., et al., Defendants-Respondents.


Kerr, LLP, New York (William B. Kerr of counsel), for appellants.
Schulman & Charish LLP, New York (Eli Schulman of counsel), for Insightec, Ltd., respondent.
Kreisberg & Maitland, LLP, New York (Gabriel Mendelberg of counsel), for Kriesberg & Maitland, LLP, respondent.



Orders, Supreme Court, New York County (Manuel J. Mendez, J.), entered April 4, 2017, which, to the extent appealed from as limited by the briefs, granted defendant InSightec, Ltd.'s motion to dismiss the cause of action for tortious interference with contract, and granted defendant Kreisberg & Maitland, LLP's (K & M) motion to dismiss the cause of action for breach of contract, unanimously affirmed, with costs.
The court applied the correct standard in deciding the motions under CPLR 3211(a)(7), i.e., presuming the facts alleged are true and according the plaintiff every favorable inference, unless the allegations actually constitute legal conclusions or are inherently incredible or unequivocally contradicted by documentary evidence (Leder v Spiegel, 31 AD3d 266 [1st Dept 2006], affd 9 NY3d 836 [2007], cert denied sub nom Spiegel v Rowland, 552 US 1257 [2008]).
The complaint fails to state a cause of action for interference with contractual relations because it does not allege that InSightec had knowledge of the contract it allegedly interfered with or that it intentionally induced K & M to breach the contract (e.g. Israel v Wood Dolson Co., 1 NY2d 116, 120 [1956]; Hoag v Chancellor, Inc., 246 AD2d 224 [1st Dept 1998]). Plaintiffs allege that InSightec had "full knowledge of the Settlement Agreement and its material terms" upon receipt of their March 1, 2016 email referring to "non-public and proprietary information" in InSightec's and "its agents[']" possession, obtained "in violation of a signed agreement and court Sealing order." However, the email provides no information about the "agreement" that protected the information or the case in which the "court Sealing order" was issued, other than "in the Supreme Court of the State of New York." It says nothing about the parties to the agreement, the date the agreement was executed, or the purpose of the agreement. Thus, contrary to the allegations in the complaint, the email contains no "material terms." Moreover, it describes the allegedly "illegally" obtained information in only the vaguest of terms, i.e., information "including but not limited to confidential information related to third parties, non-public customer lists and records, financial information and bank records, etc." Thus, plaintiffs failed to allege facts that would show that InSightec knew about the settlement agreement or could have been in a position to induce K & M to breach its terms.
Other than in the most conclusory way, plaintiffs also failed to allege any damages they incurred as a result of the information being available to the public for the limited time alleged — much less the "but for" damages the tort requires (see Pursuit Inv. Mgt. LLC v Alpha Beta Capital Partners, L.P., 127 AD3d 580 [1st Dept 2015]).
The breach of contract claim was correctly dismissed pursuant to CPLR 3211(a)(7) because the settlement agreement was not a contract pursuant to which K & M had any obligations to plaintiffs. The agreement names as parties John Doe, LMV, LMV USA, Ralph Klein, and [*2]Zeev Klein, and it is only John Doe and the "remaining Parties" who are bound by the non-disparagement clause of paragraph 9. Gabriel Mendelberg signed the agreement on behalf of K & M as "Attorneys for Plaintiff," just as plaintiffs' firm signed as "Attorneys for LMV, LMV USA and Kleins." Thus, K & M expressly acted on behalf of a disclosed principal, namely, its client, John Doe, and "will not be personally bound [absent] clear and explicit evidence of [its] intention to substitute or superadd [its] personal liability for, or to, that of [its] principal" (Savoy Record Co. v Cardinal Export Corp., 15 NY2d 1, 4 [1964] [internal quotation marks omitted]). When the parties intended to include attorneys in the list of those bound or otherwise affected by the agreement's terms, they did so explicitly; contrary to plaintiffs' contention, they did not include attorneys in paragraph 4 ("This Agreement shall be binding upon . . .").
The complaint also fails to plead damages arising from the alleged breach (see Fowler v American Lawyer Media, 306 AD2d 113 [1st Dept 2003]).
The breach of contract claim also fails under CPLR 3211(a)(1), another ground on which K & M moved to dismiss. The settlement agreement definitively disproves plaintiffs' claims (see Robinson v Robinson, 303 AD2d 234, 235 [1st Dept 2003]), and a revised pleading could not cure the deficiency (Eaton Vance Mgt. v Wilmington Sav. Fund Socy., FSB, 171 AD3d 626, 627 [1st Dept 2019]). Moreover, absent a breach of contract by K & M, plaintiffs cannot replead a cognizable tortious interference claim against InSightec (Jack L. Inselman & Co. v FNB Fin. Co., 41 NY2d 1078, 1080 [1977]).
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 14, 2020
CLERK