Trepel v Hodgins (2020 NY Slip Op 02735)





Trepel v Hodgins


2020 NY Slip Op 02735


Decided on May 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2020

Manzanet-Daniels, J.P., Mazzarelli, Gesmer, Moulton, JJ.


650541/18 11462A 11462

[*1] Martin Trepel, DO, Plaintiff-Appellant,
v
Gregg Hodgins, et al., Defendants-Respondents.


Kreindler & Kreindler LLP, New York (Andrew J. Maloney, III of counsel), for appellant.
Hinshaw & Culbertson LLP, New York (Edward K. Lenci of counsel), for Gregg Hodgins and Arizona Board of Regents, respondents.
Valerie Cross Dorn, Ithaca (Valerie Cross Dorn of counsel), for Sturt Manning and Cornell University Board of Trustees, respondents.



Orders, Supreme Court, New York County (Charles E. Ramos, J.), entered October 15, 2018, which granted defendants' motions to dismiss the complaint as against them, unanimously affirmed, without costs.
The court lacks subject matter jurisdiction over defendants Arizona Board of Regents, an agency of the State of Arizona, and Hodgins, an employee of the agency (Franchise Tax Bd. of California v Hyatt, __ US __, 139 S Ct 1485 [2019]). Contrary to plaintiff's apparent contention, Ariz Rev Stat Ann § 12-820.05(A), which governs tort actions against public entities or employees, is not relevant to the breach of contract claim. As to the tort claims, plaintiff failed to show that Arizona's rules of tort immunity as developed at common law and as established under its statutes and constitution are different from the rules enunciated in Hyatt.
The complaint fails to state a cause of action against defendants Manning and Cornell University Board of Trustees (the New York defendants). The tortious interference with contract claim does not allege an intentional procurement of a breach (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 424 [1996]). The fraud claim does not allege that plaintiff relied on allegedly false statements in Manning's analysis (see Unique Goals Intl., Ltd. v Finskiy, 178 AD3d 626, 627 [1st Dept 2019]). The trade libel claim, which plaintiff acknowledges is a claim for "product disparagement," does not allege actual malice (see Charles Atlas, Ltd. v Time-Life Books, Inc., 570 F Supp 150, 154 [SD NY 1983]). The tortious interference with prospective business relations claim does not allege that the New York defendants acted solely out of malice or employed wrongful means or that a contract would have been entered into with any third party "but for" their conduct, and it does not identify any such third party (see American Preferred Prescription v Health Mgt., 252 AD2d 414, 418 [1st Dept 1998]; Carvel Corp. v Noonan, 3 NY3d 182, 192 [2004]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2020
CLERK