MEMORANDUM ORDER
 

 RAKOFF, District Judge.
 

 Plaintiff Kirk Burrowes alleges he is the victim of an extortion and racketeering scheme perpetrated by rapper Sean Combs (a/k/a “Puff Daddy,” “Puffy,” “P. Diddy,” etc.), attorney Kenneth Meiselas, and Bad Boy Entertainment, Inc. (“Bad Boy”), a recording and music company that at one time employed Burrowes, Combs and Meiselas. While the complaint, even in its proposed amended form (“Proposed Am. Compl.”), devotes much attention to incidents having no direct relation to Burrowes,
 
 see, e.g.,
 
 Proposed Am. Compl. ¶¶ 82-114, the heart of the controversy is Burrowes’ claims to portions of Bad Boy’s profits. Specifically, Burrowes alleges that he was given a 25% ownership interest in Bad Boy in 1993, along with the concomitant promise that he would receive a corresponding portion of Bad Boy’s profits; but that in 1996 he was forced to involuntarily relinquish this interest in writing, when Messers. Combs and Meiselas threatened him with a baseball bat.
 
 See
 
 Proposed Am. Compl. ¶¶ 33, 37, 44-49. Thereafter, according to the complaint, the allegedly mercurial Combs periodically promised to renew Burrowes’ interest in Bad Boy, even after Burrowes was terminated from his employment at Bad Boy in 1997-98,
 
 see id
 
 at ¶¶ 37, 58-61; but in the Spring of 2001, Combs finally made clear to Burrowes that this promise would never be fulfilled,
 
 see id.
 
 at ¶¶ 61, 71. Adding to this injury, defendants allegedly interfered with Burrowes’ contracts to manage two performers and undertook to “blackball” him in the music industry.
 
 See id.
 
 at ¶¶ 62-70, 73, 76-81. Based on these and other allegations, Bur-rowes asserts four causes of action under the federal Racketeer Influenced and Corrupt Organizations Act (“RICO”) 18 U.S.C. § 1961
 
 et seq.,
 
 as well as various supplemental state law claims, such as for tor-tious interference with contract, negligent misrepresentation, and breach of contract.
 
 See
 
 Proposed Am. Compl.
 

 Shortly after Burrowes filed his original complaint, defendants moved to dismiss. At oral argument, the Court indicated some of the legal difficulties with the RICO claims as pled, but gave plaintiff the opportunity to submit a proposed amended complaint to see whether he could cure some or all of these deficiencies.
 
 See
 
 transcript, October 3, 2003, at 8-11. The proposed amended complaint, however, fails to do so in numerous respects. It will be sufficient here to mention just two of these fatal flaws.
 

 First,
 
 the RICO claims are barred by the statute of limitations. The limitations period for a private civil RICO action is four years and begins to run when the plaintiff is injured or discovers his injury, regardless of when the racketeering activity that caused the injury is discovered.
 
 See Rotella v. Wood,
 
 528 U.S. 549, 554-59, 120 S.Ct. 1075, 145 L.Ed.2d 1047 (2000);
 
 Agency Holding Corp. v. Malley-Duff & Associates, Inc.
 
 483 U.S. 143, 156, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987). Here, the first of the four injuries that Burrowes alleges,
 
 viz.
 
 the extortion of his interest in Bad Boy,
 
 see
 
 Proposed Am.
 
 *CDXCIV
 
 Compl. ¶¶ 122-123, is alleged to have occurred in 1996 and thus is plainly time-barred. While, in describing the second alleged injury, Burrowes alleges that false promises of renewed profit-sharing were made as late as 2001,
 
 id.
 
 at ¶ 126, the only injuries alleged to have resulted from these false statements are that “Burrowes (a) delayed commencement of litigation to enforce his rights to securities, stocks, and money, and (b) suffered damage to his professional reputation,”
 
 id.
 
 at ¶ 130, neither of which is an injury cognizable under RICO.
 
 See Butala v. Agashiwala,
 
 916 F.Supp. 314, 317 (S.D.N.Y.1996);
 
 City of Chicago Heights v. Lobue,
 
 914 F.Supp. 279, 285 (N.D.Ill.1996). As for Burrowes’ allegations of tortious interference, which constitute his third alleged injury, see Proposed Am. Compl. at ¶¶ 131-32, they fail to state a timely extortion injury under RICO as the complaint fails to allege a timely act of actual or threatened force or violence in any but the most conclusory, and hence, inadequate, terms.
 
 See id.
 
 at ¶¶ 62-81, 86. Finally, the allegations of “blackballing,” which constitute Burrowes’ fourth alleged injury,
 
 see id.
 
 at ¶¶ 133-135, do not legally constitute racketeering acts of obstruction of justice, as the complaint alleges, and hence cannot serve to make the complaint timely.
 

 Second,
 
 none of the four RICO claims alleged in the proposed amended complaint satisfies the requirements of the specific RICO subsection under which it is brought. Specifically, Count One, which purports to state a violation of subsection 1962(c) of RICO, is deficient because it conflates the defendants
 
 (i.e.
 
 Bad Boy and its two principals) with the enterprise
 
 (ie.,
 
 Bad Boy) in contravention of the requirements of that subsection.
 
 See Cedric Kushner Promotions, Ltd. v. King,
 
 533 U.S. 158, 162-64, 121 S.Ct. 2087, 150 L.Ed.2d 198 (2001);
 
 Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A.,
 
 30 F.3d 339, 344 (2d Cir.1994). Count Two, which purports to state a violation of subsection 1962(b) of RICO, is deficient because it fails to allege an “acquisition” or “maintenance” injury distinct from the predicate acts as required by that subsection.
 
 See Discon, Inc. v. NYNEX Corp.,
 
 93 F.3d 1055, 1063 (2d Cir.1996),
 
 vacated on other grounds,
 
 525 U.S. 128, 119 S.Ct. 493, 142 L.Ed.2d 510 (1998);
 
 Mehrkar v. Schulmann,
 
 No. 99 Civ. 10974, 2001 WL 79901, *5 (S.D.N.Y., June 11, 1999). Count Three, which purports to state a violation of subsection 1962(a), similarly fails to allege a “use or investment injury” as required by that subsection.
 
 See Ouaknine v. MacFarlane,
 
 897 F.2d 75, 82 (2d Cir.1990);
 
 Kaczmarek v. Int’l Bus. Machs. Corp.,
 
 30 F.Supp.2d 626, 628 (S.D.N.Y.1998). Finally, Count Four, which purports to state a violation of subsection 1962(d), fails to allege a conspiracy that does not suffer from the same deficiencies as the substantive RICO counts.
 
 See Williams v. Dow Chem. Co.,
 
 255 F.Supp.2d 219, 227 (S.D.N.Y.2003).
 

 Accordingly, because of each ■ of the aforementioned fatal deficiencies (as well as numerous others not here described), all of plaintiffs federal claims are hereby dismissed with prejudice. As to the state law claims, the Court declines to exercise supplemental jurisdiction as to them, and accordingly, all of plaintiffs state law claims are dismissed without prejudice.
 
 [1]
 
 Clerk to enter judgment.
 

 
 *CDXCV
 
 SO ORDERED.
 

 [1]
 

 . Any ambiguity created by the Court's Order of November 18, 2003 as to whether all claims were dismissed with prejudice or just the federal claims is therefore resolved and hereby corrected by this Memorandum Order. The final judgment shall recite that the federal claims are dismissed with prejudice and the state claims without prejudice.