**Kirk BURROWES, Plaintiff–Appellant,**

v.

**Sean COMBS, also known as Puff Daddy, also known as Puffy, also known as P Diddy, also known as Sean John, Kenneth Meisalas, Bad Boy Entertainment, Inc., Defendants–Appellees.**

**No. 04–1850CV.**

United States Court of Appeals, Second Circuit.

March 23, 2005.

John P. Bostany, The Bostany Law Firm, New York, NY, for Plaintiff–Appellant.

Jonathan D. Davis, Jonathan D. Davis, P.C., New York, NY, for Defendants–Appellees Sean Combs and Bad Boy Entertainment, Inc.

Thomas W. Hyland, Wilson, Elser, Moskowitz, Edelman & Dicker, New York, NY, for Defendant–Appellee Kenneth Meiselas.

Present: STRAUB, WESLEY, Circuit Judges, and SESSIONS, Chief District Judge.[1]

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby **AFFIRMED**.

Plaintiff–Appellant Kirk Burrowes ("Burrowes") appeals from the March 22, 2004 judgment entered upon a March 11, 2004 opinion and order of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*) dismissing Burrowes's amended complaint. We assume familiarity with the facts of this case, its procedural history, and the issues on appeal.

We review the District Court's dismissal of the complaint *de novo*. *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir.2000). We "accept[ ] all allegations in the complaint as true and draw[ ] all inferences in favor of the plaintiff." *ICOM Holding, Inc. v. MCI Worldcom, Inc.*, 238 F.3d 219, 221 (2d Cir.2001).

Civil RICO claims are subject to a "four-year statute of limitations." *Tho Dinh Tran v. Alphonse Hotel Corp.*, 281 F.3d 23,

---

**1.** The Honorable William K. Sessions, III, Chief Judge, United States District Court for the District of Vermont, sitting by designation.

35 (2d Cir.2002). The limitations period begins to run " 'when the plaintiff discovers or should have discovered the RICO injury.' " *Id.* (quoting *In re Merrill Lynch Ltd. Partnerships Litigation,* 154 F.3d 56, 58 (2d Cir.1998) (per curiam)).

For substantially the reasons stated by the District Court, we hold that Burrowes's amended complaint fails to allege any cognizable RICO injury occurring within the relevant limitations period.[2] Furthermore, Burrowes has not alleged any facts suggesting that defendants prevented him from discovering the nature of his RICO claims within the limitations period. Finally, the District Court did not err in dismissing the RICO claims without granting leave to amend, particularly in light of the previous unsuccessful amendment and the District Court's concerns about the adequacy of Burrowes's RICO allegations. We also find the District Court properly declined to exercise jurisdiction over the state law claims.

We have considered Plaintiff–Appellant's arguments and find them to be without merit. Accordingly, the judgment of the District Court is hereby **AFFIRMED.**

---

2. In light of our holding that the RICO claims are time-barred, we need not reach the District Court's alternative finding that Burrowes failed to properly allege any RICO claims.

