AmBase Corp. v 111 W. 57th Sponsor LLC (2021 NY Slip Op 02589)





AmBase Corp. v 111 W. 57th Sponsor LLC


2021 NY Slip Op 02589


Decided on April 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 29, 2021

Before: Webber, J.P., Singh, González, Shulman, JJ. 


Index No. 652301/16 Appeal No. 13691 Case No. 2018-1166 

[*1]AmBase Corporation et al., Plaintiffs-Appellants,
v
111 West 57th Sponsor LLC et al., Defendants-Respondents. 111 West 57th Partners LLC, Nominal Defendant-Respondent.


Meister Seelig & Fein LLP, New York (Eugene Meyers of counsel) and Cooper & Kirk, PLLC, Washington, DC (Haley N. Proctor of the Bar of the District of Columbia, admitted pro hac vice, of counsel), for appellants.
Katsky Korins LLP, New York (Mark Walfish of counsel), for 111 West 57th Sponsor LLC, PMG West 57th Street LLC, 111 West 57th Control LLC, 111 West 57th Developer LLC, Elliot Joseph, 111 West 57th KM Equity LLC, 111 West 57th KM Group LLC, Kevin Maloney, Ned White, Franklin Kaiman and 111 West 57th Partners LLC, respondents.
Kasowitz Benson Torres LLP, New York (Joel S. Weiss of counsel), for 111 West 57th Sponsor LLC, 111 West 57th JDS LLC, 111 West 57th Control LLC, 111 West 57th Developer LLC, Matthew Phillips, Michael Stern and 111 West 57th Partners LLC, respondents.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about January 29, 2018, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss so much of the cause of action for a declaratory judgment and the second cause of action for breach of contract as is based on alleged violations of sections 2.8(a)(2) and (3) by nominal defendant 111 West 57th Partners LLC's (the Company) Amended and Restated Limited Liability Company Agreement (Agreement), unanimously affirmed, with costs.
The Second Amended Complaint (SAC) alleges that defendant 111 West 57th Sponsor LLC (Sponsor) "relied on financing" from undisclosed third parties to fund its capital and shortfall contributions to the Company, in violation of section 2.8(a)(2) of the Agreement. However, it contains no factual allegations that Sponsor "financed" such contributions through any equity arrangements proscribed by section 2.8(a)(2). Thus, it fails to state a cause of action for breach of contract based on a violation of that section.
Relatedly, the SAC alleges that Sponsor failed to disclose a change to its investors as a result of this funding, as required by section 2.8(a)(3) of the Agreement. Even accepting this allegation as true, the SAC does not allege any resulting damages, and therefore fails to state a cause of action for breach of contract based on a violation of that section (VLIW Tech., LLC v Hewlett-Packard Co., 840 A2d 606, 612 [Del 2003]). Plaintiff 111 West 57th Investment LLC's equity in the Company was diluted by Sponsor's capital and shortfall contributions to the Company, which the SAC fails to allege adequately were improperly financed by third parties, not by a failure to disclose any change to investors allegedly resulting from the financing.
The claim for a declaratory judgment was duplicative of the breach of contract claim (see Wells Fargo Bank, N.A. v GSRE II, Ltd., 92 AD3d 535, 536 [1st Dept 2012]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 29, 2021