111 W. 57th Inv. LLC v 111 W57 Mezz Inv. LLC (2023 NY Slip Op 05029)

111 W. 57th Inv. LLC v 111 W57 Mezz Inv. LLC

2023 NY Slip Op 05029

Decided on October 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 05, 2023

Before: Manzanet-Daniels, J.P., Singh, Gesmer, Rodriguez, Rosado, JJ. 

Index No. 655031/17 Appeal No. 718 Case No. 2023-00158 

[*1]111 West 57th Investment LLC, etc., et al., Plaintiffs-Respondents-Appellants,
v
111 W57 Mezz Investment LLC, et al., Defendants-Respondents, ACREFI Mortgage Lending, LLC, et al., Defendants-Appellants-Respondents, John Doe Entity et al., Defendants.

Dechert LLP, New York (Gary J. Mennitt of counsel), for appellants-respondents.
Ice Miller LLP, New York (Justin E. Klein of counsel), Cooper & Kirk, PLLC, Washington, DC (Haley N. Proctor of the bar of the District of Columbia, admitted pro hac vice, of counsel), and Benesch Friedlander Coplan & Aronoff LLP, New York (Thomas A Bousnakis of counsel), for respondents-appellants.
Greenberg Traurig, LLP, New York (Daniel R. Milstein of counsel), for 111 W57th Mezz Investment LLC, Spruce Capital Partners LLC, Joshua Crane, and Robert Schwartz, respondents.
Tarter Krinsky & Drogin LLP, New York (Brittany K. Lazzaro of counsel), for Atlantic 57 LLC, 57 Madison LLC, and Arthur Becker, respondents.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered December 16, 2022, which granted in part and denied in part defendants' various motions to dismiss, unanimously modified, on the law, to dismiss the derivative claim against the Apollo Lenders [FN1] for breach of the duty of good faith and fair dealing (Count II), and otherwise affirmed, without costs.
The covenant of good faith and fair dealing "embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract" (511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 153 [2002] [internal quotation marks omitted]). However, the implied duty of good faith and fair dealing does not "imply obligations inconsistent with other terms of the contractual relationship (id.). As this Court has explained, "[w]here a contract allows one party to [exercise a contractual right] in its 'sole discretion' and 'for any reason whatsoever' the covenant of good faith and fair dealing cannot serve to
negate that provision" (Transit Funding Assoc., LLC v Capital One Equip. Fin. Corp., 149 AD3d 23, 29 [1st Dept 2017]).
As the motion court found, the Apollo Lenders had the right to assign the Junior Mezzanine Loan. The relevant loan agreement and pledge agreement, when read together, conferred considerable discretion to the Apollo Lenders. Because Apollo had the absolute right to assign the Pledge Agreement in its sole discretion under the loan documents, there can be no implied covenant claim against them (see Vendome v Oldenburg, 198 AD3d 450, 450 [1st Dept 2021]). Thus, this claim should be dismissed.
The court properly dismissed the tortious interference with contract claims asserted against the Apollo Defendants [FN2] (Count V) and the Spruce Defendants [FN3] (Count III). To state a claim for tortious interference with contract, a plaintiff must allege (1) the existence of a valid contract, (2) the defendant's knowledge of that contract, (3) the defendant's intentional procuring of the breach of that contract, and (4) damages (Burrowes v Combs, 25 AD3d 370, 373 [1st Dept 2006], lv denied 7 NY3d 704 [2006]). A tortious interference with contract claim should be dismissed where the plaintiff fails to sufficiently allege that the contract "would not have been breached 'but for' the defendant's conduct" (Carlyle, LLC v Quik Park 1633 Garage LLC, 160 AD3d 476, 477 [1st Dept 2018]). Plaintiff has failed to allege that "but for" defendants' conduct, the Sponsor's alleged breach of the implied covenant of good faith and fair dealing inherent in the Joint Venture Agreement would not have occurred (Burrowes, 25 AD3d at 373). As plaintiff has failed to sufficiently plead an underlying breach of contract, the dismissal of the tortious interference claims is affirmed.
Plaintiff's arguments on appeal with respect to the underlying breach are premised on Sponsor's alleged breaches of the Major Decisions [*2]Provision (Section 7.2) and the Fiduciary Duty Waiver Provision (Section 8.5) of the relevant Joint Venture Agreement. We agree with the court that plaintiff has failed to establish that the nonparty Sponsor breached either of these provisions.
Plaintiff has also contended that the Apollo Defendants and Spruce Defendants' actions caused Sponsor to breach the implied covenant of good faith and fair dealing inherent in the Joint Venture Agreement, which is a sufficient underlying breach to sustain a tortious interference claim. Plaintiff has failed to plead such a claim. Most notably, plaintiff has failed to plead an underlying claim for breach of the implied covenant by Sponsor, and plaintiff's appellate brief is also devoid of any explanation of how Sponsor breached the implied covenant in the Joint Venture Agreement.
The court also properly dismissed the unjust enrichment claim against the
Atlantic Defendants [FN4] (Count VI). To state a cause of action for unjust enrichment, the plaintiff must allege "(1) that the other party was enriched, (2) at plaintiff's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered" (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [1st Dept 2011]). Even if these elements are satisfied, it is well established that a cause of action for unjust enrichment cannot be maintained where there is a written agreement governing the subject matter at issue (Clark-Fitzpatrick, Inc. v Long Island R.R. Co., 70 NY2d 382, 388-389 [1987]).
The Joint Venture Agreement indisputably precludes the unjust enrichment claim against the Atlantic Defendants. Plaintiff's own allegations acknowledge that "Investment's, Sponsor's and Atlantic's rights and obligations with respect to the Company are governed by [the Joint Venture Agreement]," and yet plaintiff has asserted no claim for breach of the Joint Venture Agreement. Plaintiff's dissatisfaction with the
terms of the Joint Venture Agreement do not permit Plaintiff to pursue a quasi-contractual claim (Dragon Inv. Co. II LLC v Shanahan, 49 AD3d 403, 405 [1st Dept 2008]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT. 
ENTERED: October 5, 2023

Footnotes

Footnote 1: The Apollo Lenders are ACREFI Mortgage Lending, LLC, Apollo Credit Opportunity Fund III AIV I LP and AGRE Debt 1.

Footnote 2: The Apollo Defendants are the Apollo Lenders, Apollo Commercial Real Estate Finance, Inc., and Apollo Global Management, Inc.

Footnote 3: The Spruce Defendants are 111 W57 Mezz Investment LLC, Spruce Capital Partners LLC, Joshua Crane and Robert Schwartz. 

Footnote 4: The Atlantic Defendants are Atlantic 57 LLC, 57 Madison LLC and Arthur Becker.