Warburg Realty Partnership, Ltd. v Aschheim (2023 NY Slip Op 05345)

Warburg Realty Partnership, Ltd. v Aschheim

2023 NY Slip Op 05345

Decided on October 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 19, 2023

Before: Kapnick, J.P., Singh, Friedman, González, Shulman, JJ. 

Index No. 651948/22 Appeal No. 859 Case No. 2022-05539 

[*1]Warburg Realty Partnership, Ltd., Doing Business as Coldwell Banker Warburg, Plaintiff-Appellant,
v
Deborah Aschheim et al., Defendants-Respondents.

Margolin & Pierce, LLP, Southampton (Errol F. Margolin of counsel), for appellant.
Costigan Law PLLC, New York (William F. Costigan of counsel), for respondents.

Order, Supreme Court, New York County (Lyle Frank, J.), entered October 19, 2022, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
Supreme Court properly dismissed the complaint. Plaintiff real estate broker was not entitled to a commission in connection with the sale of defendants sellers' home. The exclusive listing agreement, at plaintiff's insistence, terminated on October 28, 2019, and plaintiff performed no further services for defendants sellers. The contract for the sale of defendants sellers' house was signed on November 3, 2020. Although plaintiff had previously introduced the buyer to the sellers, the listing agreement contemplated a scenario where plaintiff finds a buyer who ultimately buys the home after the expiration of the listing term, and it contained a 90-day period, in Section 9, during which plaintiff would be entitled to a commission for that same buyer. The November 3, 2020 sale was well past 90 days after October 28, 2019. Plaintiff could have, but did not, bargain for a commission in these circumstances (see generally Cushman & Wakefield v 214 E. 49th St. Corp., 218 AD2d 464, 468-469 [1st Dept 1996], lv dismissed 88 NY2d 951 [1996], lv denied 88 NY2d 816 [1996]).
Plaintiff failed to state a cause of action based on a breach of any modified or implied contract. The defendants sellers' counsel, the attorney defendant, did not modify the agreement by mere email, given the requirement that changes be documented in a signed writing between the parties, nor did her brief emailed response demonstrate any assent to reengaging plaintiff's services (Maas v Cornell Univ., 94 NY2d 87, 94 [1999]).
The court properly dismissed the quantum meruit claim, as the unambiguous listing agreement governs the parties' relationship and does not provide for recovery past the exclusion term (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382 [1987]). Nor is plaintiff deemed to have earned its commission under common law broker principles given that plaintiff terminated the Agreement in October 2019 and did nothing more than relay the buyer's rekindled interest in July 2020 (Cushman & Wakefield, 218 AD2d at 466).
The tortious interference with contract claim against attorney defendant fails due to the lack of a predicate breach of contract (Oddo Asset Mgt. v Barclays Bank PLC, 19 NY3d 584, 594-595 [2012]). Moreover, the complaint failed to allege that, but for the defendant attorney's action, defendants sellers would have paid plaintiff its commission (see Burrows v Combs, 25 AD3d 370, 373 [1st Dept 2006], lv denied 7 NY3d 704 [2006]). Such allegation is an essential element of a tortious interference claim, and it must be pleaded. Finally, defendant attorney's email, advising plaintiff not to contact the sellers directly, did not, without more, rise to the level of a crime or independent tort, as required to allege interference with prospective economic advantage (Carvel Corp. v Noonan, 3 [*2]NY3d 182, 190 [2004]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 19, 2023