Ambase Corp. v 111 W. 57th Sponsor LLC (2023 NY Slip Op 06078)

Ambase Corp. v 111 W. 57th Sponsor LLC

2023 NY Slip Op 06078

Decided on November 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 28, 2023

Before: Oing, J.P., Gesmer, Mendez, Shulman, Rodriguez, JJ. 

Index No. 652301/16 Appeal No. 1096 Case No. 2023-00531 

[*1]Ambase Corporation et al., Plaintiffs-Appellants,
v
111 West 57th Sponsor LLC et al., Defendants-Respondents, Liberty Mutual Insurance Company et al., Defendants.

Blank Rome LLP, New York (Craig Flanders of counsel), for appellants.
Katsky Korins LLP, New York (Elan R. Dobbs of counsel), for respondents.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about May 10, 2022, which, to the extent appealed from as limited by the briefs, granted the motion of defendants 111 West 57th Sponsor LLC, 111 West 57th Control LLC, 111 West 57th Developer LLC, Kevin Maloney, Matthew Phillips, Michael Stern, Ned White, JDS Construction Group LLC, JDS Development LLC, PMG Construction Group LLC, Property Markets Group, Inc., 111 Construction Manager LLC, and Manager Member 111 W57 LLC to dismiss, from the fourth amended complaint, the claims for breach of contract (third cause of action) and fraud (fifth cause of action), and dismissed the veil-piercing allegations in the third, fourth, fifth, and ninth causes of action, unanimously modified, on the law, to reinstate so much of the breach of contract claim as is based on section 7.5 of the joint venture agreement as alleged in paragraph 321(m) of the fourth amended complaint, and so much of the fraud claim as against defendant Matthew Phillips as alleged in paragraph 76 of the fourth amended complaint, and otherwise affirmed, without costs.
Plaintiffs' fourth amended complaint fails to state a breach of section 2.8(a)(2) of the joint venture agreement. Contrary to plaintiffs' position otherwise, that section does not bar "indirect" capital contributions; rather, it simply prohibits defendant 111 West 57th Sponsor from making capital contributions with third-party money. Therefore, the contribution of capital to a parent entity of 111 West 57th Sponsor did not violate 2.8(a)(2) even where that contribution involved a transfer to a third party of equity in the parent. This conclusion is supported not only by the plain language of section 2.8(a)(2), but also by the fact that indirect funding is specifically referred to in section 2.8(a)(1), suggesting that the term "indirect" was intentionally omitted from section 2.8(a)(2) (see MicroStrategy Inc. v Acacia Research Corp., 2010 WL 5550455, at *7, 2010 Del Ch LEXIS 254, *29 [Del Ch, Dec. 30, 2010, Civil Action No. 5735-VCP]).
Plaintiffs' claims under the joint venture agreement section 2.8(a)(3), which requires disclosure of changes in the equity ownership of the entities in the project, fail because they have not pleaded facts showing the damages on which the action is based (see AmBase Corp. v 111 W. 57th Sponsor LLC, 193 AD3d 627, 628 [1st Dept 2021]; ERE LLP v Spanierman Gallery, LLC, 94 AD3d 492, 493 [1st Dept 2012]).
However, we reinstate so much of the breach of contract claim as alleges breach of the joint venture agreement section 7.5. Plaintiffs allege that 111 West 57th Sponsor breached the agreement by "refusing to cooperate and share information with AmBase's construction consultant." Under the plain language of section 7.5, this allegation is sufficient to support a cause of action for breach of the section. We disagree with Supreme Court that under that section, 111 West 57th Sponsor's only obligation was to "use commercially [*2]reasonable efforts" to "meet, consult[,] and otherwise coordinate with" plaintiff's construction consultant. Despite Supreme Court's reading of the clause, the language of section 7.5 makes clear that 111 West 57th Sponsor itself has the affirmative obligation to cooperate and consult with the construction consultant ("shall . . . meet, consult and otherwise cooperate with all such construction consultants"); the "use commercially reasonable efforts" language refers only to 111 West 58th Sponsor's obligations with respect to whether third parties would meet with the consultant.
As to the fraud claims, Supreme Court correctly dismissed those claims as duplicative of the breach of contract claims with respect to all defendants except Matthew Phillips (see Cronos Group Ltd. v XComIP, LLC, 156 AD3d 54, 62-63 [2017]). Phillips is not a signatory to the joint venture agreement and there are sufficient allegations against him to suggest that his role was not merely accessorial (see Allenby, LLC v Credit Suisse, AG, 134 AD3d 577, 581 [1st Dept 2015]; cf. Richbell Info. Servs., Inc. v Jupiter Partners, L.P., 309 AD2d 288, 305-306 [1st Dept 2003]). However, we reinstate the fraud claim as against Phillips only insofar as he is alleged to have made the affirmative misrepresentation alleged in paragraph 76 of the fourth amended complaint. As to defendant Ned White, he also is not a signatory to the joint venture agreement, and thus, the fraud claims as to him are not duplicative of the breach of contract claims. Nevertheless, we do not reinstate the fraud claims as against him, as his allegedly fraudulent conduct is not pleaded with sufficient particularity.
The remaining fraud claims were properly dismissed as to all defendants, as none of those claims were pleaded with sufficient particularity (see INTL FCStone Mkts., LLC v Corrib Oil Co. Ltd., 172 AD3d 492, 493 [1st Dept 2019]). As to the fraudulent omission claims, those claims were also properly dismissed as against all defendants, as plaintiffs concede that they have not alleged any duty to disclose.
Finally, plaintiffs failed to plead sufficient facts to pierce the corporate veil, as they do not plead that the corporate entities were "a sham and exist for no other purpose than as a vehicle for fraud" (EBG Holdings LLC v Vredezicht's Gravenhage 109 B.V., , 2008 WL 4057745, *12, 2008 Del Ch LEXIS 127, *52 [Del Ch, Sept. 2, 2008, Civil Action No. 3184-VCP]). While the fourth amended complaint contains allegations that the defendant entities engaged in fraud, those allegations are not sufficient to pierce the corporate veil, as they do not assert that the corporate defendants made an inequitable use of the corporate form itself in order to perpetrate a fraud (see South Coll. St., LLC v Ares Capital Corp., 199 AD3d 431, 432 [1st Dept 2021]).
In light of our decision in the related litigation (111 W. 57th Inv. LLC v 111 W57 Mezz Inv. LLC, — AD3d — 2023 NY Slip Op 05029 [1st Dept 2023]), plaintiffs concede [*3]that their claims under section 7.2(a) and 8.5 of the joint venture agreement are barred, subject to a successful appeal or reargument in that action.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 28, 2023