**Neneb Pte. Ltd. v HSBC Bank USA, N.A.**

2025 NY Slip Op 30138(U)

January 9, 2025

Supreme Court, New York County

Docket Number: Index No. 651214/2024

Judge: Nancy M. Bannon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. NANCY M. BANNON**        PART              61M

*Justice*

---------------------------------------------------------------------------X

NENEB PTE. LTD.,

                      Plaintiff,

                      - v -

HSBC BANK USA, N.A., and HSBC INVESTMENTS (USA), INC.,

                      Defendants.

---------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 651214/2024 |
| MOTION DATE | 08/01/2024 |
| MOTION SEQ. NO. | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 40, 42, 44, 47, 48, 49

were read on this motion to/for                  DISMISS             .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 41, 43, 45, 50

were read on this motion to/for                  STAY             .

## I.    INTRODUCTION

In this breach of contract action arising from an Investment Advisory Agreement ("IAA") between the plaintiff, Neneb Pte. Ltd. and defendant HSBC Investments (USA), Inc. ("HSBC Investments"), that defendant and defendant HSBC Bank USA, N.A. ("HSBC Bank") move pre-answer to dismiss the complaint pursuant to CPLR 3211(a)(7) (MOT SEQ 001). The defendants separately move pursuant to CPLR 2201 to stay the action pending the outcome of a prior pending action (MOT SEQ 002). The plaintiff, Neneb Pte. Ltd., opposes both motions. The motion to dismiss is granted and the motion to stay is denied as moot.

## II.    BACKGROUND

The following facts, which are accepted as true for purposes of the instant motion, are drawn from the allegations of the complaint.

The plaintiff and HSBC Investments executed the IAA in 2005, making HSBC Investments the "Adviser" and "Custodian" to the plaintiff. The IAA authorized HSBC

**651214/2024 NENEB PTE. LTD. vs. HSBC BANK USA, N.A. ET AL**
**Motion No. 001 002**

Page 1 of 6

1 of 6

Investments to choose investments for the plaintiff and required that it advise and consult with the plaintiff upon request regarding those investments.

From 2011 to 2012, HSBC Investments committed €10 million and $8,250,000, respectively, of the plaintiff's funds to a pair of private equity investments—HSBC European Private Equity Syndicate III ("HEPES III") and Vintage I Secondary LP ("Vintage I"). HEPES III and Vintage I were managed by HSBC affiliates on the Isle of Guernsey, one of the Channel Islands in the United Kingdom - HSBC Management (Guernsey) Limited, HSBC (Guernsey) GP PCC Limited, and HSBC Bank Plc, Guernsey (collectively "HMG").

In June 2016, HMG filed a Suspicious Activity Report ("SAR") pertaining to the plaintiff with a financial regulator in Guernsey. The plaintiff alleges that, since December 2018, because of the SAR filing, HMG has withheld the plaintiff's distributions from HEPES III and Vintage I, in the amounts of €5,149,643.26 and $4,376,057.39, respectively. The plaintiff contends "there is no legitimate legal or regulatory reason why" these distributions should be withheld.

In June 2023, the plaintiff commenced an action in Guernsey, which is still pending, against HMG, but not the defendants herein, seeking to "unlock" the distributions withheld from HEPES III and Vintage I, together with lost opportunity damages and a declaration that the plaintiff is entitled to future distributions from the two subject funds. This action followed a statement by the defendants that it had no control over the distributions from investments managed by HMG.

The plaintiff commenced the instant action against HSBC Bank and HSBC Investment in March 2024, asserting five causes of action for (1) breach of contract, (2) breach of fiduciary duty, (3) money had and received, (4) unjust enrichment, and (5) conversion, and seeking $10 million in damages. The gravamen of the complaint is that the defendants breached their contractual and fiduciary duties by failing to adequately advise the plaintiff in response to inquiries regarding the distributions withheld by HMG from the two Guernsey investments.

### III.    DISCUSSION

1. Defendants' Motion to Dismiss (MOT SEQ 001)

When assessing the adequacy of a pleading in the context of a motion to dismiss under CPLR 3211(a)(7), the court's role is "to determine whether [the] pleadings state a cause of action." 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 151-52 (2002). To determine whether a pleading adequately states a cause of action, the court must "liberally

**651214/2024   NENEB PTE. LTD. vs. HSBC BANK USA, N.A. ET AL**
**Motion No.  001 002**

Page 2 of 6

2 of 6

[* 2]

construe" it, accept the facts alleged in it as true, accord it "the benefit of every possible favorable inference" (id. at 152; see Romanello v Intesa Sanpaolo, S.p.A., 22 NY3d 881 [2013]; Simkin v Blank, 19 NY3d 46 [2012]), and determine only whether the facts as alleged fit within any cognizable legal theory (see Hurrell-Harring v State of New York, 15 NY3d 8 [2010]; Leon v Martinez, 84 NY2d 83 [1994]).

Applying this standard, the plaintiff's exceptionally thin complaint warrants dismissal. The complaint alleges no specific misconduct whatsoever with respect to HSBC Bank, which is also not alleged to have been a party to the IAA. With respect to HSBC Investments, the plaintiff's claims turn on conclusory allegations of damages, or else fail to allege how the plaintiff's damages were caused by HSBC Investments' alleged misconduct in purportedly failing to adequately respond to the plaintiff's inquiries regarding its investments.

a) HSBC Bank

The complaint is dismissed in its entirety as against HSBC Bank. The complaint identifies HSBC Bank as an affiliate of HSBC Investments, both of which are alleged to be wholly owned subsidiaries of nonparty HSBC Holdings plc. The complaint further alleges that, according to a footer included in emails from "HSBC Private Bank," identified as the marketing name for the worldwide private banking subsidiaries of the HSBC Group, "[i]n the United States, HSBC Private Bank offers banking services through [HSBC Bank] and provides securities and brokerage services through HSBC Securities (USA) Inc." Aside from these allegations, the complaint contains no specific allegations whatsoever regarding HSBC Bank.

There can be no dispute that HSBC Bank was not a party to the IAA. Rather, the complaint specifically alleges that the IAA was entered into by the plaintiff and HSBC Investments, and its allegations regarding the terms of the IAA are likewise specifically and solely addressed to the obligations imposed on HSBC Investments. While the complaint often refers to the defendants collectively as the "Bank," its material allegations concerning the "Bank's" conduct all concern acts undertaken pursuant to the IAA or a refusal to act when allegedly required to do so by the IAA. As such, these allegations could only relate to HSBC Investments, the only defendant alleged to be a party to the IAA. Nor are there any allegations in the complaint establishing a relationship, contractual, fiduciary or otherwise, between the plaintiff and HSBC Bank. As such, dismissal under CPLR 3211(a)(7) is warranted, with respect to HSBC Bank, because the plaintiff fails to assert facts in support of material elements of each of its claims as to this defendant. See Himmelstein, McConnell, Gribben, Donoghue & Joseph,

**651214/2024 NENEB PTE. LTD. vs. HSBC BANK USA, N.A. ET AL
Motion No. 001 002**

**Page 3 of 6**

[* 3]

3 of 6

LLP v Matthew Bender & Co., Inc., 37 NY3d 169, 175 (2021). The claims also fail as to defendant HSBC Investments as follows.

b) First Cause of Action: Breach of Contract

The plaintiff fails to plead a cause of action for breach of contract against HSCB Investments as it does not adequately allege damages resulting from the alleged breach. See AmBase Corp. v 111 W. 57th Sponsor LLC, 193 AD3d 627, 628 (1st Dept. 2021). The plaintiff alleges that, by failing to "engage with Plaintiff concerning the status of the HEPES III and Vintage I investments," HSBC Investments breached its obligation under the IAA to "give advice on a continuing basis" and "to meet with [the plaintiff] periodically and review with [the plaintiff]" the progress of its investments. However, the complaint is devoid of any detail as to how the plaintiff was harmed by HSBC Investments' failure to provide more, or more substantive, information regarding the Guernsey investments. Indeed, the only harm alleged in the complaint *at all* is that the plaintiff was deprived of distributions from the HEPES III and Vintage I investments. According to the plaintiff's own allegations, however, those distributions were withheld due to the filing of the SAR in June 2016, *at least two years prior* to any of the conduct alleged to constitute a breach of the IAA, which is all alleged to have occurred after the subject distributions began being withheld in 2018. The court notes, moreover, that both the filing of the SAR and the withholding of distributions was allegedly done by HMG, not HSBC Investments.

c) Second Cause of Action: Breach of Fiduciary Duty

"To state a claim for breach of fiduciary duty, plaintiffs must allege that (i) defendant owed them a fiduciary duty, (ii) defendant committed misconduct, and (iii) they suffered damages caused by that misconduct." Burry v Madison Park Owner LLC, 84 AD3d 699-700 (1st Dept. 2011). A breach of fiduciary duty claim is properly dismissed where an agreement covers the precise subject matter of the alleged fiduciary duty. See Celle v Barclays Bank P.L.C., 48 AD3d 301, 302 (1st Dept. 2008), citing Pane v Citibank, N.A., 19 AD3d 278, 279 (1st Dept. 2005). Here, the breach of fiduciary duty is alleged to consist exclusively of the "refus[al] to consult with Plaintiff" concerning the status of the Guernsey investments. This alleged failure to advise and consult with the plaintiff is precisely the same conduct alleged as the basis for the claimed breach of the IAA. Moreover, for the same reasons discussed above with respect to the breach of contract claim, the complaint fails to adequately plead damages caused by the alleged breach of fiduciary duty. See Burry v Madison Park Owner LLC, supra.

**651214/2024   NENEB PTE. LTD. vs. HSBC BANK USA, N.A. ET AL**
**Motion No.  001 002**

**Page 4 of 6**

4 of 6

[* 4]

d) <u>Third and Fourth Causes of Action: Money Had and Received and Unjust Enrichment</u>

The third and fourth causes of action, for money had and received and unjust enrichment, are likewise dismissed, as these quasi-contract claims cannot lie where, as here, there is an express contract covering the dispute. <u>See</u> <u>Clark-Fitzpatrick, Inc. v Long Island R. Co.</u>, 70 NY2d 382 (1987); <u>A.N.L.Y.H. Invs. LP v JDS Principal Highline LLC</u>, 231 AD3d 570 (1st Dept. 2024); <u>Dragons 516 Ltd. v GDC 138 E 50 LLC</u>, 201 AD3d 463 (1st Dept. 2022).

With respect to these two claims, the plaintiff alleges HSBC Investments was enriched by collecting commissions and advisory fees and by retaining the distributions withheld from the Guernsey investments. However, the subject commissions and advisory fees are expressly alleged to have been earned pursuant to the IAA. As such, to the extent these claims relate to the subject fees and commissions, they are precluded by the IAA, which covers the subject matter of the dispute. To the extent the quasi-contract claims concern the withheld distributions, the plaintiff's allegation that it "has a legal right to receive the pending distributions from its investments" is a bare legal conclusion not entitled to a presumption of truth. <u>See</u> <u>Connaughton v Chipotle Mexican Grill, Inc.</u>, 29 NY3d 137, 141-142 02017); <u>Landmark Ventures, Inc. v InSightec, Ltd.</u>, 179 AD3d 493, 494 (1st Dept. 2020). Moreover, according to the plaintiff's own allegations, the distributions are being withheld by HMG, not HSBC Investments, and there is no non-conclusory allegation that HSBC Investments ever received or benefitted from any of the distributions withheld.

e) <u>Fifth Cause of Action: Conversion</u>

The motion is likewise granted with respect to the plaintiff's conversion claim. "Conversion occurs 'when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession.'" <u>Family Health Mgt., v Rohan Devs., LLC</u>, 207 AD3d 136, 139 (1st Dept. 2022), quoting <u>Colavito v New York Organ Donor Network, Inc.</u>, 8 NY3d 43, 49-50 (2006); <u>see</u> <u>Pappas v Tzolis, supra</u>. "An action for conversion of money may be made out 'where there is a specific, identifiable fund and an obligation to return or otherwise treat in a particular manner the specific fund in question.'" <u>Thys v Fortis Securities LLC</u>, 74 AD3d 546, 547 (1st Dept. 2010) *quoting* <u>Manufacturers Hanover Trust Co. v Chemical Bank</u>, 160 AD2d 113, 124 (1st Dept. 1990); <u>see</u> <u>McBride v KPMG Int'l</u>, 135 AD3d 576 (1st Dept. 2016). That is not the case here.

HSBC Investments' control over the subject distributions is not pleaded as the plaintiff alleges that the distributions it seeks are allegedly being withheld by HMG, not HSBC

**651214/2024   NENEB PTE. LTD. vs. HSBC BANK USA, N.A. ET AL**
**Motion No.  001 002**

Investments. Moreover, these alleged distributions is merely a sum of money and not a specific fund sufficiently identifiable to support a claim of conversion. Furthermore, where, as here, damages are merely being sought for breach of contract, an action for conversion is duplicative and would not be validly maintained.  See Peters Griffin Woodward, Inc. v WCSC, Inc., 88 AD2d 883 (1st Dept. 1982).

2.  Defendants' Motion for a Stay (MOT SEQ 002)

The defendants' motion for a stay of this action pending resolution of the action in Guernsey is denied as moot. In light of the dismissal of the complaint, there is nothing to stay.

## IV. CONCLUSION

Accordingly, upon the foregoing papers, it is

ORDERED that the defendants' motion to dismiss the complaint (MOT SEQ 001) is granted and the complaint is dismissed in its entirety; and it is further

ORDERED that the defendants' motion to stay the action (MOT SEQ 002) is denied as moot; and it is further

ORDERED that the Clerk shall mark the file accordingly.

This constitutes the Decision and Order of the court.

| 1/9/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **NANCY M. BANNON, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**651214/2024   NENEB PTE. LTD. vs. HSBC BANK USA, N.A. ET AL**
**Motion No.  001 002**

**Page 6 of 6**

6 of 6

[* 6]